UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL ODEEN FOSTER,<br><br>    Plaintiff,<br><br>  vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | NO.  CV-05-3069-MWL<br><br>REPORT AND RECOMMENDATION TO DENY *IN FORMA PAUPERIS* STATUS AND TO DISMISS COMPLAINT |

   Plaintiff, a federal prisoner currently housed at the Federal Corrections Center at Sheridan, Oregon, brings this *pro se* action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346. Following review of Plaintiff's Complaint, the Application to Proceed *in Forma Pauperis* is **DENIED** as no cognizable claim is stated at this time.

   Plaintiff asserts Defendant United States Department of Justice is the federal agency responsible for housing him at the Yakima County Jail in January 2004. Plaintiff asserts he should have been transferred to a federal facility when his leg wound became infected and he fell from a top bunk, breaking two toes. Plaintiff complains he subsequently fell in the shower in late March 2004, when he was unable to afford or secure a pair of shower shoes. Plaintiff states

REPORT AND RECOMMENDATION -- 1

he suffered a broken collar-bone, cracked ribs and a head concussion.

Although Plaintiff admits he was taken to the hospital, he asserts U.S. Marshals were deliberately indifferent to his medical care by allegedly obstructing doctors from obtaining correct x-ray images, and by not providing pain medication for over 72 hours. Plaintiff complains once he began receiving pain medication, it was stopped four days later. Plaintiff states he continued to suffer intense pain seven days after his fall, but was not permitted to see a doctor.

Plaintiff asserts after a month of requesting to see a doctor and being refused, medical staff at the jail provided Plaintiff a brace to wear. Plaintiff complains this brace was then taken during a "shakedown" for unrelated reasons. Plaintiff asserts the refusal to allow him to see a doctor must have come from a federal agency. Plaintiff blames the U.S. Attorney for choosing to prosecute a state crime as a federal one and the U.S. Marshal's office for maintaining physical custody of Plaintiff, and choosing to house him in allegedly substandard conditions.

Plaintiff asserts he filed a claim with the Bureau of Prisons, but the claim was rejected on grounds the federal government is not liable for the torts of its contract facilities. Pursuant to the denial letter, Plaintiff had six months to bring suit in the appropriate federal district court.

**INDEPENDENT CONTRACTOR EXCEPTION**

Plaintiff has failed to allege the Department of Justice had authority over the daily operations of the Yakima County jail; thus,

REPORT AND RECOMMENDATION -- 2

his claims arising from his treatment there are barred by the independent contractor exception to the FTCA. *Letnes v. United States*, 820 F.2d 1517, 1518-19 (9th Cir. 1987).  Plaintiff alleges no facts demonstrating the Department of Justice had authority and substantial supervision over the daily operations of the Yakima County jail. Accordingly, **IT IS RECOMMENDED** the federal tort claims be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[1]

## OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within ten (10) days following service with a copy thereof.  Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying any the portions to which objection is being made, and the basis therefor.  Any response to the objection shall be filed within ten (10) days after receipt of the objection.  Attention is directed to Fed. R. Civ. P. 6(e), which adds another three (3) days from the date of mailing if service is by mail.

A district judge will make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination.  The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon.  The judge may,

---

[1] It may be that Plaintiff could state a claim for relief under 42 U.S.C. § 1983 and violations of the Eighth Amendment against individual Yakima County jail officials, and/or that he could state a claim against individual U.S. Marshals under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  However, such claims were not been pleaded here.

REPORT AND RECOMMENDATION -- 3

but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 73; LMR 4, Local Rules for the Eastern District of Washington.

    A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

    **IT IS SO RECOMMENDED.** The District Court Executive is directed to file this Report and Recommendation and provide copies to Plaintiff and to the referring judge.

    **DATED** this 13th day of September 2005.

                      S/ Michael W. Leavitt
                        MICHAEL W. LEAVITT
                UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION -- 4