UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL ODEEN FOSTER,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | NO. CV-05-3069-MWL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING COMPLAINT, DENYING *IN FORMA PAUPERIS* STATUS, AND DENYING PENDING MOTION AS MOOT |

BEFORE THE COURT are Plaintiff's Objections (Ct. Rec. 9) to the Report and Recommendation to deny him leave to proceed *in forma pauperis*, and to dismiss the complaint pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671 *et seq*. Plaintiff, a federal prisoner at the Federal Correctional Institution in Sheridan, Oregon, is proceeding *pro se*; Defendant has not been served.

The Magistrate Judge recommended dismissal of the complaint based on the independent contractor exception to the FTCA. "Under the FTCA, the United States is subject to liability for the negligence of an independent contractor only if it can be shown that the government had authority to control the detailed physical performance of the contractor and exercised substantial supervision over its day-to-day activities." *Laurence v. Department of the Navy*, 59 F.3d 112, 113 (9th

ORDER -- 1

Cir. 1995) (*citing United States v. Orleans*, 425 U.S. 807, 814-15 (1976)).  Plaintiff failed to allege the United States of America exercised complete discretion and control over the daily operations at the Yakima County Jail.

The court would also find it appropriate to dismiss this action against the United States Department of Justice for lack of subject matter jurisdiction because agencies cannot be sued under the FTCA. *See FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) (*per curiam*) (*citing Shelton v. United States Customs Serv.*, 565 F.2d 1140, 1141 (9th Cir. 1977)).  Sections 1346(b) and 2679(a) of Title 28 explicitly provide that the United States is the only proper party defendant in actions brought under the FTCA.  An agency, such as the United States Department of Justice or the United States Marshal Service, is not a proper Defendant.

Furthermore, Mr. Foster indicates his administrative claim was presented only to the Bureau of Prisons.  The FTCA is unambiguous in its language that an "action shall not be instituted ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." *McNeil v. United States*, 508 U.S. 106, 111 (1993), quoting 28 U.S.C. § 2675(a). In the documents Mr. Foster presents to this court he asserts the Department of Justice and the United States Marshal Service are the agencies responsible for his injuries.

Under the claim presentation rule, this court cannot exercise subject matter jurisdiction over an action for which Plaintiff did not

ORDER -- 2

first pursue an administrative claim to the United States Marshals' Service of the Department of Justice. A claim is deemed presented for purposes of § 2675(a) when a party files "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. United States Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (*en banc*). Plaintiff fails to demonstrate he did so.

Finally, the FTCA does not apply to any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Under the discretionary exception, courts lack jurisdiction under the FTCA: (1) if the challenged conduct involves an element of judgment or choice; and (2) if the conduct implements social, economic or political policy considerations.

A decision by the Attorney General's Office to charge Mr. Foster federally and a decision to house Plaintiff in a county jail are discretionary acts. Accordingly, such claims would be barred by the discretionary exception to the FTCA, 28 U.S.C. § 2680(a).

After consideration of Plaintiff's Objections and the record in this case, and for the reasons set forth above and in the Report and Recommendation, **IT IS ORDERED** the Report and Recommendation is **ADOPTED;** the federal tort claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction; leave to proceed *in forma*

ORDER -- 3

*pauperis* in this case is **DENIED;** and all pending motions are **DENIED as moot.**

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order, enter judgment and provide copies to Plaintiff.

**DATED** this 13th day of October, 2005.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER -- 4